# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

Steve Burnside, Plaintiff

v.

The Credit Repair Shop and Steven A. Williams, Defendants.

26-C-382

## RULE 9(b) FRAUD ALLEGATIONS SUPPORTING CIVIL RICO CLAIM

Plaintiff provides the following specific allegations of fraud to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). These allegations identify the who, what, when, where, and how of the fraudulent scheme.

## Who Committed the Fraud

1. Defendant Steven A. Williams, owner of The Credit Repair Shop.
2. The Credit Repair Shop as the operating business entity.
3. Employees acting under the direction and control of Steven A. Williams.

## What the Fraudulent Conduct Was

1. Charging consumers upfront payments for credit repair services before services were completed.
2. Representing that consumers would receive credit repair services despite collecting unlawful advance fees.
3. Maintaining a business practice that required advance payment as a condition of service.

## When the Fraud Occurred

1. The unlawful conduct occurred repeatedly between approximately 2020 and 2024.
2. The practices were ongoing during Plaintiff's employment.
3. Evidence includes commission statements reflecting payments collected during that time period.

## Where the Fraud Occurred

1. At the business operations of The Credit Repair Shop.
2. Through electronic communications and payment systems used to collect consumer payments.
3. In communications and transactions with consumers seeking credit repair services.

## How the Scheme Operated

1. Consumers seeking credit repair services were required to pay fees before services were performed.
2. These payments were collected through the company's payment systems and sales practices.
3. Commission statements from former employee Jamil Mason reflect payments tied to these transactions.
4. These repeated acts created a pattern of unlawful activity supporting a civil RICO claim.

## Injury to Plaintiff

1. Plaintiff was terminated after acquiring knowledge of the unlawful practices.
2. Defendants submitted false information to the unemployment agency stating Plaintiff worked the week ending February 28, 2026.
3. Plaintiff suffered financial harm including lost wages and interference with unemployment benefits.

These allegations provide the particularity required by Federal Rule of Civil Procedure 9(b) and further support Plaintiff's civil RICO claim under 18 U.S.C. §1962.

Respectfully Submitted
Steve Burnside pro se